UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAMON FORTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:13-cv-01106-TWP-DKL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

On March 4, 2012, Damon Forte was charged with trafficking in No. ISP 12-03-0030. A hearing was conducted on March 9, 2012, at which Forte appeared and made a statement concerning the charge. After considering Forte's statement, the conduct report, and other evidence, the hearing officer found Forte guilty of the charged misconduct. He was sanctioned with, among other things, the deprivation of a period of earned credit time.

Forte now seeks a writ of habeas corpus to invalidate the disciplinary proceeding just described. A writ of habeas corpus may be granted if an inmate is in custody in violation of the United States Constitution or its laws or treaties. 28 U.S.C. § 2254(a). Inmates are entitled to due process before any of their good time credits, in which they have a liberty interest, are taken away from them. *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011).

One feature of the due process to which Forte was entitled—and the only feature implicated by Forte's habeas petition—is the requirement that there be "some evidence" to support the hearing officer's decision. This standard was established in *Superintendent v. Hill,*

472 U.S. 445 (1985). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Aonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).

In this case, the evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: On March 4, 2012, Forte's visitor was seen fidgeting with something near her feet after a trip to the vending machine. Forte left the visitation room and was escorted to the Sally Port by Sergeant Fly-Nelson, who noticed that Forte's pockets were bulging out when he sat down. She asked him to empty his pockets, and Forte replied, "Okay." Forte gave Fly-Nelson two Milky Way candy bars and three Snickers bars. After writing the conduct report, she discovered that his candy bars were abnormally hard and unwrapped. Further inspection revealed that the candy bar wrappers hid packages of marijuana wrapped in electrical tape. The foregoing readily supports a rational inference that the contraband was passed to Forte during his visit. This was trafficking, and the evidence of that offense was constitutionally sufficient. *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The existence of evidence which may have supported a contrary decision does not compel such a decision. *Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 01/02/2014

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Damon Forte
# 988357
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362