UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAMON FORTE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:13-cv-01106-TWP-DKL |
| SUPERINTENDENT OF NEW CASTLE CORRECTIONAL, | ) ) ) ) |
| Respondent. | ) |

## ENTRY DENYING MOTION TO ALTER OR AMEND JUDGMENT

This matter is before the Court on Petitioner Damon Forte's ("Mr. Forte") Motion to Alter or Amend Judgment (Dkt. 15). Mr. Forte filed a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISP 12-03-0030. After consideration of the pleadings and the expanded record, the Court concluded that there was no constitutional infirmity in the proceeding. Accordingly, the habeas petition was denied and judgment was entered on the Clerk's docket on January 2, 2014. (See Dkt. 14.) The evidence supporting the challenged decision was that Mr. Forte's visitor passed contraband to him on March 4, 2012. The evidence required to satisfy due process in this setting is "some evidence," as explained in *Superintendent v. Hill,* 472 U.S. 445 (1985). This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

Following the entry of final judgment, Mr. Forte filed the instant Motion to Alter or Amend Judgment on January 28, 2014. In his Motion, Mr. Forte seeks to have the Court explain how the weighing of the conflicting evidence resulted in the hearing officer's conclusion. This Court declines this invitation to weigh any conflicts in the evidence presented to the hearing

officer. In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id*.

Having reiterated that the evidence presented at Mr. Forte's hearing was sufficient to satisfy due process of "some evidence," the Court notes that there are no bases for a motion to alter or amend the judgment. To prevail on a Rule 59(e) motion, the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013 ) (quoting *Blue v. Hartford Life & Accident Ins. Co.,* 698 F.3d 587, 598 (7th Cir. 2012)). There was no manifest error of fact or of law in the Court's prior ruling, and Mr. Forte has not offered newly discovered evidence. Accordingly, Mr. Forte's Motion to Alter or Amend Judgment (Dkt 15) is **DENIED**.

**SO ORDERED.**

Date: 02/06/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Damon Forte, # 988357
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Kyle Hunter
OFFICE OF THE INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov